**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald WRIGHT, Defendant–Appellant.**

No. 92–6612.

United States Court of Appeals,
Sixth Circuit.

Argued June 24, 1993.

Decided Aug. 13, 1993.

Devon L. Gosnell, Asst. U.S. Atty., Daniel A. Clancy, U.S. Atty., Tony R. Arvin, Asst. U.S. Atty. (argued), Cynthia J. Collins, Asst. U.S. Atty. (briefed), Office of U.S. Atty., Memphis, TN, for U.S.

Randall F. Crossing, Asst. Fed. Defender (argued and briefed), Memphis, TN, for Ronald Wright.

Before: MILBURN and SILER, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.

MILBURN, Circuit Judge.

Defendant Ronald Wright challenges the sentence imposed by the district court following his guilty plea to charges of violating his supervised release. On appeal, the issues presented are (1) whether the trial court abused its discretion in sentencing the defendant for his supervised release violation based upon a criminal history category of five, when the original sentencing court used a criminal history category of four; and (2) whether the district court abused its discretion by sentencing defendant to a period of 36 months incarceration for the supervised release violation, when defendant had already served 30 months incarceration on his original sentence and the total of the two sentences imposed allegedly exceeds the maximum penalty for the underlying offense, five years. For the reasons that follow, we affirm.

## I.

### A.

On September 8, 1988, a federal grand jury returned a seven-count indictment against defendant, charging him with threatening the life of President Ronald Reagan, Magistrate Judge Joe Tilson, Michael Dukakis, and a Secret Service Agent, Janice Adcock, in violation of 18 U.S.C. §§ 871, 115(a) and 879(a). Subsequently, on November 7, 1988, defendant entered a plea of guilty to counts 2, 3, and 7 of the indictment.

The remaining charges in the indictment were dismissed at defendant's sentencing. On April 4, 1989, following a hearing, defendant was sentenced to 30 months imprisonment to be followed by three years of supervised release.

Defendant was released from prison on April 23, 1991, and began serving his supervised release at that time. Jurisdiction over defendant's supervised release was transferred from the Eastern District of Tennessee to the Western District of Tennessee.

On November 13, 1991, Alice Conley, a United States Probation Officer, petitioned the district court to issue a warrant for the arrest of defendant based upon his violation of the terms and conditions of his supervised release. The petition alleged that defendant had violated his supervised release because he had been convicted in the Shelby County, Tennessee, Criminal Court of vehicular assault and aggravated assault and sentenced to three years confinement.

Defendant entered a plea of guilty to violating the terms and conditions of his supervised release on September 28, 1992. Following a hearing, defendant's supervised release was revoked, and he was sentenced to 36 months of incarceration to be served consecutively to the state sentence he was then serving. This timely appeal followed.

**B.**

On September 18, 1992, a supervised release violation hearing was held. At the hearing, defendant asserted that his original sentence of thirty months incarceration was based upon a criminal history category of four (IV) and an offense level of 13. The addendum to the presentence report provides the following facts with regard to the underlying sentence:

> Assistant U.S. Attorney Mitchell told the court (Judge Hull) that a plea bargain had been negotiated and that their information indicates the defendant would be a level 13, category 4, which would place him at 24–30 months according to the Guidelines. In explaining the guidelines to the defendant, Judge Hull said, "Well, Mr. Wright, the maximum under the law would be five

years, but the maximum under the new sentencing guidelines would be 30 months; and I'm telling you right now that's the maximum you'd get."

J.A. p. 26. However, when the presentence report was prepared, calculation of the guidelines showed that defendant's criminal history category was five (V), which produced a sentencing range of 51–63 months.

At sentencing on April 4, 1989, Judge Hull stated that he was going to sentence defendant to 30 months since that was the agreement reached in court on November 11, 1988. Accordingly, as stated above, defendant was sentenced to thirty months incarceration, to be followed by three years of supervised release.

At the sentencing hearing on September 18, 1992, defendant argued that his guideline range for the revocation should be based on a criminal history category of four and a grade B violation of supervised release. The government argued that defendant should be sentenced based upon his actual criminal history category of five and a grade A violation of supervised release. At the hearing, defendant entered a voluntary guilty plea to the violation of his supervised release because he had pled guilty to charges of aggravated assault and theft of property over $1,000.00 in the Shelby County, Tennessee, Criminal Court.

The difference between a grade A violation of supervised release and a grade B violation of supervised release is that a grade A violation involves: (1) a crime of violence, (2) a controlled substance offense, (3) possession of a firearm or destructive devices, or (4) felonies involving more than twenty years imprisonment, while grade B violations of supervised release involve all other felonies. *See U.S.S.G.* § 7B1.1, p.s.

Defendant's conviction for aggravated assault involved an automobile accident. When the accident occurred, defendant was driving under the influence, and injuries resulted from the accident. After defendant was arrested at the scene of the accident and placed in the squad car, he broke out the plexiglas, stole the squad car, drove it toward a police officer and around the injured victims who

were lying in the street at the time. The district court concluded that this crime had to be considered a crime of violence and, therefore, was a grade A violation of supervised release. The district court also found that it was not bound by the fact that the sentencing judge at defendant's sentencing initially believed that defendant's criminal history category was four and that defendant would be sentenced based upon the actual criminal history category of five. Accordingly, defendant was sentenced to 36 months of incarceration for his violation of supervised release.

## II.

### A.

■ Defendant argues that the district court abused its discretion in sentencing him based upon a criminal history category of five, rather than a criminal history category of four. If defendant had been sentenced based upon a grade A violation of supervised release and a criminal history category of four, the applicable sentencing range would have been 24 to 30 months; at category five and a grade A violation, the applicable sentencing range is 30 to 37 months. *See* U.S.S.G. § 7B1.4(a), p.s. Application note 1 to policy statement section 7B1.4 provides in relevant part:

> The criminal history category to be used in determining the applicable range of imprisonment in the Revocation Table is the category determined at the time the defendant originally was sentenced to the term of supervision. The criminal history category is not to be recalculated because the ranges set forth in the Revocation Table have been designed to take into account that the defendant violated supervision.

U.S.S.G. § 7B1.4, p.s., comment.(n.1).

Defendant argues that when the district court sentenced him for the violation of supervised release using a criminal history category of five, instead of four, the district court recalculated his criminal history category. However, the district court did not recalculate defendant's criminal history category. At defendant's sentencing for the underlying offense, the district court was aware

that defendant's criminal history category was category five. However, because the district court assumed at the guilty plea hearing that defendant's criminal history category was category four, the district court stated to defendant at the plea hearing that the maximum sentence he would receive was thirty months imprisonment. Thus, at the sentencing for the underlying offense, the district judge treated his statement at the plea hearing that defendant would receive a sentence no greater than thirty months imprisonment as if it were part of the plea agreement and, in essence, departed downward when he sentenced defendant.

Subsequently, at the sentencing hearing following defendant's guilty plea to a violation of supervised release, the district judge refused to give defendant the same benefit of the doubt as was given at the original sentencing and sentenced defendant based upon his proper criminal history category, category five. Thus, despite defendant's somewhat disingenuous argument to the contrary, no recalculation of his criminal history category occurred at his sentencing for the violation of his supervised release.

There are no applicable guidelines for sentencing after revocation of supervised release; there are only policy statements. *See* United States Sentencing Commission, *Guidelines Manual*, Ch. 7, "Probation and Supervised Release Violations." In this case, the district court considered the policy statements in Chapter 7. Indeed, the district court determined the sentencing guideline range of the sentence to be imposed upon defendant based upon the table set forth in U.S.S.G. § 7B1.4(a), p.s. In order to do so, the district court determined that defendant had committed a grade A violation of his supervised release, and the district court used defendant's criminal history category as determined in the presentence report for his underlying offense. From this, the district court determined that the applicable sentencing guideline range was 30 to 37 months. Title 18 U.S.C. § 3583(e) provides in relevant part that a court may

> revoke [the] term of supervised release, and require the person to serve in prison all or part of the term of supervised re-

lease without credit for time previously served on postrelease supervision.

Defendant had been sentenced to three years of supervised release. Consequently, the district court imposed a sentence of 36 months imprisonment, thereby requiring defendant to serve all of the term of supervised release in prison.

Finally, the cases cited by defendant, *United States v. Alli*, 929 F.2d 995 (4th Cir. 1991); *United States v. Von Washington*, 915 F.2d 390 (8th Cir.1990) (per curiam); *United States v. Smith*, 907 F.2d 133 (11th Cir.1990); *United States v. Foster*, 904 F.2d 20 (9th Cir.1990), are inapposite here. These cases deal with the revocation of probation, rather than the revocation of supervised release. This court has recognized that there is an inherent difference between probation and supervised release. *See United States v. Stephenson*, 928 F.2d 728, 730 (6th Cir.1991). Revocation of probation is subject to the rules set forth in 18 U.S.C. § 3565(a)(2), which limits the term of resentencing for a violation of probation to that term allowable for the original offense under the Guidelines. *Id.* Sentencing for a violation of supervised release, however, is governed by 18 U.S.C. § 3583(e), which does not limit the allowable term on resentencing to the maximum available for the original offense. Rather, section 3583(e) grants the district court discretion to resentence the defendant for any period up to the whole period of supervised release. *Id.* In *Stephenson*, we stated that

> [i]n probation, because the defendant will not have served time for his offense, the court may consider the guidelines range of the original offense as the possible incarceration period. In supervised release, however, the individual will have already served time, possibly the maximum allowed under the Guidelines. Connecting the resentencing period with the maximum period of incarceration allowed for the original offense would undermine the system of supervised release. If the resentencing period was connected and the defendant had already served a substantial part or all of his allowable term under the Guidelines, his violation of a condition of supervised release would result in a tenu-

ously short period of reincarceration, or no reincarceration at all. The possibility of reincarceration for violation of a condition of supervised release is a cornerstone of the sentencing structure.

*Id.* at 730–31. Thus, because this case involves a violation of supervised release rather than a revocation of probation, defendant's reliance on cases involving the revocation of probation is misplaced.

**B.**

Defendant also argues that the district court abused its discretion because the sentence imposed by the district court for the violation of supervised release, 36 months, when added to the 30 months incarceration defendant had served on his original sentence, allegedly exceeds the maximum penalty for the underlying offense, five years. However, in this case, defendant pled guilty to three counts of the indictment against him. These were one count of violating 18 U.S.C. § 871 (threatening the president) and two counts of violating 18 U.S.C. § 115(a) (threatening a United States Judge and a Secret Service agent). Section 871 carries a statutory penalty of five years, and section 115(a) carries a statutory penalty of three years for each count. Thus, under the applicable statutes, defendant could have received a maximum penalty of eleven years, not five years as he contends, even though the original presentence report stated that the maximum sentence was fifteen years.

Moreover, even assuming arguendo that the 36–month sentence for the violation of supervised release when combined with the 30–month incarceration on the underlying offense did violate the statutory maximum, the sentence imposed by the district court for the violation of supervised release would still be proper. First, a different statute, 18 U.S.C. § 3583, authorizes imposition of a term of supervised release in addition to the maximum term of imprisonment provided for in prohibiting the underlying offense. *See United States v. Montenegro–Rojo*, 908 F.2d 425, 432–33 (9th Cir.1990). In *Montenegro–Rojo* the defendant asserted that the sentence imposed by the district court was illegal because the sentence he received, when

added to the one year of supervised release imposed, resulted in a term of punishment longer than the maximum term provided for in the statute defining the underlying offense for which he had been convicted. The Ninth Circuit rejected his argument stating:

It is also impossible to square [defendant's] reading of § 3583 with the guidelines. Although the statute gives a sentencing court discretion to impose a period of supervised release, the guidelines *mandate* a sentencing court to order such a period whenever it imposes a prison term in excess of one year. If appellant's reading of § 3583 controlled, however, the result would be that a court could never impose the maximum prison term authorized by a particular criminal statute, and in turn by the guidelines themselves. In effect, then, appellant argues that § 3583 indirectly reduces the maximum prison terms allowed by particular criminal statutes and the guidelines. Surely if this had been Congress's goal, it would have said so openly.

*Id.* at 434 (citation omitted).

In *United States v. Purvis*, 940 F.2d 1276 (9th Cir.1991), the defendant was convicted of violating 21 U.S.C. § 844(a), simple possession of a controlled substance, and sentenced to the statutory maximum penalty of one year in prison and one year of supervised release. Defendant served his term of imprisonment and was placed on supervised release. Subsequently, defendant violated the terms of his supervised release; the supervised release was revoked, but was later reinstated. In reinstating the supervised release, the district judge warned the defendant that if he violated the terms of his supervised release again, he would be sentenced to imprisonment for one year. *Id.* at 1277–78. The defendant appealed the district court's decision asserting that the total imprisonment which could be imposed pursuant to the combination of the initial sentence of imprisonment and the revocation of supervised release could not legally exceed the statutory maximum.

The Ninth Circuit rejected defendant's argument and held that section 3583 authorizes the revocation of supervised release even where the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will exceed the maximum incarceration permissible under the substantive statute. *Id.* at 1279. In so holding, the Ninth Circuit noted that it had already expressly and repeatedly held that a sentencing court could *impose* a term of supervised release which, when combined with the term of imprisonment, results in a total sentence beyond the statutory maximum for the substantive offense. *Id.* at 1278. The court went on to state that if it adopted defendant's rationale, it would have to interpret section 3583 differently for the *revocation* of supervised release than for the *imposition* of supervised release, and that no logical basis existed for such a distinction. *Id.* at 1279.

■ Accordingly, it is possible for a defendant to be sentenced and serve the statutory maximum term of imprisonment for the offense and after his release from prison to be subject to further imprisonment if he violates the terms of his supervised release. Therefore, the sentence imposed by the district court for the violation of supervised release is not an abuse of discretion, even if when combined with defendant's original sentence it exceeded the statutory maximum for the underlying offense.

■ Finally, defendant asserts that when the district court accepted his guilty plea, it never advised him of the consequences of supervised release, particularly the consequences of the revocation of supervised release. Defendant argues that this is a violation of Federal Rule of Criminal Procedure 11(c)(1), and he also argues that the government has the burden of demonstrating that the district court did advise him of the consequences of the revocation of supervised release. However, defendant has raised this issue for the first time on appeal. He did not raise this issue in the district court nor did he raise this issue on direct criminal appeal following his guilty plea to the underlying charges. Accordingly, this court will not address this issue. *See White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir. 1990).

## III.

For the reasons stated, the judgment of the district court is affirmed.