39 F.3d 1183
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky WILSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3366.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1994.
 
 1
 Before: KENNEDY and JONES, Circuit Judges, and DE MASCIO, Senior District Judge.*
 
 ORDER
 
 2
 Ricky Wilson appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, Wilson pleaded guilty to one count of unarmed bank robbery, a violation of 18 U.S.C. Secs. 2113(a) and 2. As a result, he is now serving a term of 240 months of imprisonment and 5 years of supervised release. His sentence was affirmed by this court on direct appeal. In addition, Wilson filed a prior Sec. 2255 motion in 1990. That motion was denied by the district court, and the district court's judgment was also affirmed on appeal.
 
 
 4
 Wilson raised three grounds for relief in his present motion: 1) he was denied effective assistance of counsel because his attorney failed to challenge the validity of his prior conviction for a 1969 gas station robbery that was used to enhance his current sentence under U.S.S.G. Sec. 4B1.1(C); 2) he was denied due process of law because his "counsel chose not to challenge the conviction at issue, in the instant case;" and 3) he was denied due process of law in 1969, because his attorney at that time was not present when he was sentenced. On March 18, 1994, the district court denied Wilson's motion under Rule 4 of the Rules Governing Sec. 2255 Proceedings. The court found that Wilson's first two claims had been raised and denied in his prior Sec. 2255 case and that Wilson had offered no evidence to show that his 1969 conviction was invalid. It is from this judgment that Wilson now appeals.
 
 
 5
 We conclude that Wilson's motion was properly dismissed for somewhat different reasons than those which were articulated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). The denial of a Sec. 2255 motion is reviewed de novo on appeal, although the district court's factual findings will be accepted unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). To prevail under Sec. 2255, Wilson must demonstrate a fundamental defect in the proceedings which resulted in an egregious violation of due process or a complete miscarriage of justice. See id.
 
 
 6
 We will not review the first claim that is alleged in Wilson's motion because he has abandoned it by failing to raise it on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). Nevertheless, we note that the record now clearly indicates that Wilson was represented by counsel when he pleaded guilty and was sentenced for the gas station robbery in 1969. Wilson now redefines his first claim by arguing that he was denied effective assistance of counsel in 1989, because his attorney failed to challenge other aspects of his 1969 conviction. However, we will not consider this new claim because it was not presented in the first instance to the district court. See United States v. Wright, 2 F.3d 175, 180 (6th Cir.1993).
 
 
 7
 In his motion, Wilson also alleged that he was denied due process because he was coerced into pleading guilty in 1989. This claim was not raised on direct appeal. Thus, to obtain collateral relief, Wilson must show cause that would excuse his failure to raise the claim on direct appeal and actual prejudice from the error that he now alleges. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The denial of Wilson's second claim was proper because he has not made any attempt to establish cause. See McCleskey v. Zant, 499 U.S. 467, 502 (1991). It is also clear that Wilson was not prejudiced by the error that he alleged. As noted by the district court, Wilson raised very similar claims in his first Sec. 2255 motion, and these claims were rejected on the merits by the district court and by this court as well. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Wilson now alters this claim by alleging that he was denied due process because he was not able to challenge the use of the 1969 conviction at his federal sentencing. Again, we will not consider this claim as it was not effectively presented to the district court. See Wright, 2 F.3d at 180.
 
 
 8
 Wilson's claim that his 1969 conviction was invalid for lack of due process was also properly dismissed, as Wilson has not demonstrated cause and prejudice regarding his failure to raise this claim on direct appeal. It is clear that he was not prejudiced by the alleged error, as his direct challenge to a state conviction would not have been cognizable per se in a federal criminal appeal or Sec. 2255 proceeding. Wilson would not have been prejudiced even if this claim were liberally construed as a challenge to his federal sentence, because the record shows that he failed to make timely objections to the use of his 1969 conviction at sentencing. See United States v. McGlocklin, 8 F.3d 1037, 1042 (6th Cir.1993) (en banc), cert. denied, 114 S.Ct. 1614 (1994); United States v. Lewis, 991 F.2d 322, 324 (6th Cir1993).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. De Mascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation