54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael CARPER, Defendant - Appellant.
 No. 94-1638.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1995.
 
 Before: KEITH, MARTIN and GUY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Defendant-Appellant Michael Carper ("Carper") appeals his sentence for violating the terms of his supervised release. Carper argues the district court abused its discretion by imposing a sentence outside the range recommended by the United States Sentencing Guidelines ("USSG"). For the reasons stated below, we AFFIRM his conviction and sentence.
 
 I. Statement of the Case
 
 2
 On April 6, 1990, Carper was arrested and charged with three counts of conspiracy to distribute marijuana, in violation of 18 U.S.C. Sec. 846. On November 6, 1990, Carper pled guilty to one count of conspiracy to distribute marijuana pursuant to a Rule 11 plea agreement.
 
 
 3
 On April 26, 1991, Carper was sentenced to 38 months in prison with four years of supervised release. This sentence was based on a criminal history category of III and an offense level of 18, giving him a guideline sentencing range of 33 to 41 months.
 
 
 4
 Carper was released from prison on July 15, 1993, at which time he began serving his four year term of supervised release. On August 18, 1993, Carper was charged with violating the terms of his supervised release by failing to notify his probation officer within 72 hours of being arrested. Carper had been arrested on August 18, 1993, for engaging in sexual contact with the thirteen year old daughter of his fiancee. The complaint alleged that on August 2, 1993, Carper forced the girl to fondle his exposed genitals.
 
 
 5
 Carper pled guilty to the Michigan statutory crime of criminal sexual conduct in the fourth degree and was sentenced to serve 12 to 24 months in the Gladwin County Prison. On May 24, 1994, Carper pled guilty to violating the terms of his supervised release by committing a crime while free on supervised release.
 
 
 6
 The district court revoked Carper's supervised release and sentenced him to 20 months in prison to be served consecutive to his state sentence. The sentence Carper received departed upward from the guideline range found in USSG Sec. 7B1.4. According to that section, Carper's guideline range should have been 8 to 14 months based on a Grade B violation of his supervised release and a criminal history category of III. The district court found this range did not adequately represent Carper's history and conduct.[1]
 
 Carper filed this timely notice of appeal
 II. Discussion
 
 7
 On appeal, Carper argues the district court abused its discretion by sentencing him to 20 months in prison even though USSG Sec. 7B1.4(a) recommended a sentencing range of 8 to 14 months. In addition, Carpers claims the district court abused its discretion by making this sentence run consecutive to his state prison term. Carper also asserts the district court erred by failing to take into consideration the sentence he received in the Gladwin Circuit Court. He contends these judicial errors and the length of his sentence amount to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.
 
 A. Standard of Review
 
 8
 This Circuit reviews a district court's decision to revoke a defendant's supervised release and impose a custodial sentence for clear abuse of discretion. United States v. Williams, 15 F.3d 1356, 1364 (6th Cir. 1993), cert. denied 115 S.Ct. 431 (1994); United States v. Wright, 2 F.3d 175, 177 (6th Cir. 1993).
 
 B. Cruel and Unusual Punishment
 
 9
 Section 7 of the United States Sentencing Guidelines addresses supervised release violations and the sentences for those violations. Both the legislative history and the case law indicate the provisions of section 7 are to be considered to be policy statements and therefore not binding on the district court. See United States v. Sparks, 19 F.3d 1099, 1101-02 (6th Cir. 1994); S.Rep. No. 98-225, p. 167 (1983), U.S.C.C.A.N. 1984, 3182, 3350-51. This section of the USSG is to be considered, but the district court is free to disregard it when making its sentencing decision. Section 7 gives the district court the discretion to make the supervised sentence run consecutive or concurrent. It also allows the district court to impose a sentence which falls within the range suggested by Sec. 7B1.4(a) or to depart either upward or downward.
 
 
 10
 The limitations on the sentencing power of the district court, for a violation of a defendant's supervised release, are found in 18 U.S.C. Secs. 3553 and 3742(a)(4). These sections of the United States Code require the district court consider a list of factors before determining a defendant's sentence and that the sentence is not plainly unreasonable. United States v. Webb, 30 F.3d 687, 689 (6th Cir. 1994). The factors to be considered are:
 
 
 11
 1. the nature of the offence;
 
 
 12
 2. the need to deter criminal conduct;
 
 
 13
 3. the need to protect the public;
 
 
 14
 4. the need to provide the defendant with appropriate treatment;
 
 5. any USSG policy statements; and
 
 15
 6. the avoidance of unwarranted disparities.
 
 
 16
 Id.
 
 
 17
 This Circuit has interpreted the United States Code as giving district courts a great deal of discretion when imposing sentences for violations of supervised release. A defendant's sentence for a violation of his/her supervised release, when combined with the sentence the defendant has already served, may exceed the maximum of the substantive statute. Wright, 2 F.3d at 180. "[T]he sentence imposed by the district court for the violation of supervised release is not an abuse of discretion, even if when combined with the defendant's original sentence it exceeds the statutory maximum for the underlying offense." Id.
 
 
 18
 In the instant case, the district court did not abuse its discretion. The transcript of Carper's revocation hearing clearly establishes the district court took into consideration the USSG, the United States Code and applicable case precedent. The transcript shows the district court considered the type of offense Carper committed, the fact Carper had previously committed a number of criminal violations and the need to protect the victim of Carper's sexual assault who is now his step-daughter. In addition, the district court discussed both the sentence Carper received for his federal marijuana conviction and the criminal sexual conduct in the fourth degree conviction before he passed sentence on Carper. The district court found Carper's actions to be reprehensible and unmitigable. In addition the district court found the recommended USSG sentencing range did not adequately represent the seriousness of Carper's conduct.
 
 III. Conclusion
 
 19
 For the reasons stated above, we AFFIRM the sentence imposed by the Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan.
 
 
 
 [1]
 Carper had five previous convictions in Michigan for various offenses, in addition to his federal marijuana conviction and his recent Michigan conviction for criminal sexual conduct in the fourth degree