57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Shirley JONES, Defendant-Appellant.
 No. 94-3836.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1995.
 
 Before: MARTIN and RYAN, Circuit Judges; and GILMORE, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 The defendant, Shirley Jones, appeals the district court's imposition of a 14-month imprisonment term upon revocation of her supervised release. We affirm.
 
 
 2
 On July 31, 1991, the defendant pleaded guilty to one count of making a material false statement in connection with the acquisition of a firearm, 18 U.S.C. Secs. 922(a)(6), 924(a)(2). The district court sentenced Jones to 13 months imprisonment and 24 months supervised release. Conditions of supervised release prohibited Jones from committing a state crime and from using controlled substances. Sometime before February 1994, after Jones had finished serving the 13-month sentence but while she was still on supervised release, Jones committed, and pleaded guilty to, two Ohio misdemeanors: manufacturing drug paraphernalia and misdemeanor drug abuse. On June 22, 1994, the United States Probation Office successfully petitioned the district court for a summons ordering Jones to show cause why supervised release should not be revoked. The petition stated three violations: commission of state offenses, failure to submit a monthly report, and controlled substance use. Apparently, a United States Probation Office Supervised Release Violation Report (SRVR) explained that, although Jones pleaded guilty to misdemeanor drug abuse, the underlying conduct constituted felony drug abuse under Ohio law.[1] Jones did not dispute the findings in the petition and the SRVR. On August 4, 1994, after a revocation hearing, the district court revoked supervised release and sentenced Jones to 14 months imprisonment consecutive to the state sentences. The district court also recommended that Jones serve the federal sentence in a facility with an intensive drug treatment program. The defendant timely appealed, challenging only the length of imprisonment, not the revocation of supervised release.
 
 I.
 
 3
 The sentencing commission has not promulgated binding sentencing guidelines for setting the length of imprisonment upon supervised release revocation; thus, we will overturn the length of imprisonment only if"plainly unreasonable." United States v. Webb, 30 F.3d 687, 689 (6th Cir. 1994) (citing 18 U.S.C. Sec. 3742(a)(4)).
 
 II.
 
 4
 Under 18 U.S.C. Sec. 3583(e)(3), a district court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)," revoke supervised release and instead "require the defendant to serve in prison all or part of the term of supervised release ... without credit for time previously served on postrelease supervision." Accordingly, upon revocation a district court may impose imprisonment "up to the whole period of supervised release." United States v. Wright, 2 F.3d 175, 179 (6th Cir. 1993).
 
 
 5
 The sentencing guidelines regarding supervised release revocation are nonbinding policy statements. Accordingly, the district court need only "consider" the policy statements in Chapter 7 and the ranges suggested in USSG Sec. 7B1.4. United States v. Sparks, 19 F.3d 1099, 1101 & n.3 (6th Cir. 1994). Section 7B1.4(a) provides ranges based on the "Grade of Violation" and the defendant's criminal history category. In classifying violation "grades," Sec. 7B1.1(a)(2) defines a "Grade B" violation as "conduct" that constitutes a federal, state, or local offense punishable by more than one year imprisonment. Application Note 1 directs that the "grade of violation is to based on the defendant's actual conduct." Sec. 7B1.1 (p.s.) (comment) (n.1). For Jones, who committed a Grade B violation and fell into criminal history category III, Sec. 7B1.4 suggests 8-14 months imprisonment.
 
 
 6
 We conclude that the 14-month imprisonment term is not plainly unreasonable. Sections 3553(a)(4), (5) direct a district court to consider the policy statement embodied by Sec. 7B1.4(a); the 14-month term was within the applicable range. Section 3553(a)(2)(C) expresses the need to protect the public from further crimes; given Jones's past crimes, including assault, armed robbery, and check forgery, coupled with her apparent cocaine addiction, it is likely that the longer the imprisonment, the longer the public will be protected from Jones's crimes. Section 3553(a)(2)(D) concerns the defendant's need for medical care; the district court specifically recommended that Jones receive intensive drug rehabilitation while in prison. Finally, considering the nature and circumstances of the violations, and Jones's history, Sec. 3553(a)(1), the sentence is not plainly unreasonable.
 
 III.
 
 7
 We AFFIRM the sentence imposed upon revocation of supervised release.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Although Jones did not dispute the SRVR, we would have preferred ifthe parties had included the report in the record on appeal