**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4100

MARLENE EXCINIA,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-97-291)

Submitted: August 31, 1999

Decided: September 17, 1999

Before WIDENER, MURNAGHAN, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John J. Korzen, SMITH, HELMS, MULLISS & MOORE, L.L.P.,
Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Sandra J. Hairston, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marlene Excinia appeals the eighty-seven-month sentence imposed after her guilty plea to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (1994). On appeal, Excinia asserts that the district court should have reduced her base offense level by two or three levels under U.S. SENTENCING GUIDELINES MANUAL § 3B1.2 (1997), because she was a minor participant in the conspiracy. Finding no clear error, we affirm.

A court may reduce a defendant's offense level by four levels if she was a minimal participant in criminal activity, by two levels if she was a minor participant in criminal activity, or by three levels if her participation was less than minor but more than minimal. See USSG § 3B1.2. "[A] minor participant means any participant who is less cul-pable than most other participants, but whose role could not be described as minimal." Id., comment. (n.3). We review a district court's determination of a defendant's role in the offense for clear error. See United States v. Love, 134 F.3d 595, 606 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3790 (U.S. June 15, 1998) (No. 97-9085).

In sentencing Excinia, the district court held her accountable only for the 22.6 kilograms of cocaine she transported--not the total amount of drugs involved in the conspiracy (135.6 kilograms). The court declined to reduce Excinia's base offense level for her role in the offense, finding that Excinia's role was significant with regard to the amount of drugs she transported. Under these circumstances, the majority of courts have held that a reduction under USSG § 3B1.2 was not warranted. See United States v. Rodriguez De Varon, 175 F.3d 930, 941-42 (11th Cir. 1999) (en banc); United States v. James, 157 F.3d 1218, 1219-20 (10th Cir. 1998); United States v. Marmolejo, 106 F.3d 1213, 1217 (5th Cir. 1997); United States v. Lampkins, 47

2

F.3d 175, 180-81 (7th Cir. 1995); <u>United States v. Gomez</u>, 31 F.3d 28, 31 (2d Cir. 1994); <u>United States v. Lucht</u>, 18 F.3d 541, 555-56 (8th Cir. 1994); <u>United States v. Olibrices</u>, 979 F.2d 1557, 1560 (D.C. Cir. 1992). We therefore find no clear error in the district court's decision not to grant Excinia a reduction for her role in the offense.

Accordingly, we affirm Excinia's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3