UNITED STATES of America,
Plaintiff–Appellee,

v.

Sandra WRIGHT, Defendant–Appellant.

No. 02–4237.

United States Court of Appeals,
Seventh Circuit.

Submitted April 29, 2003.

Decided April 30, 2003.

Before COFFEY, RIPPLE, and
DIANE P. WOOD, Circuit Judges.

### ORDER

After a jury trial Sandra Wright was convicted of bank fraud, 18 U.S.C. § 1344, in 1995. She served 51 months in federal prison, and then began a five-year term of supervised release. The conditions of her supervised release included a standard prohibition on committing any federal, state, or local crime as well as an order to pay restitution. Almost three years into Wright's term of supervision, her probation officer filed a petition in the district court alleging that Wright had violated these conditions by committing three counts of battery one afternoon at a Wal-Mart store and by failing to make restitution payments.

The district court held a revocation hearing pursuant to Federal Rule of Criminal Procedure 32.1(2), at which Wright was represented by counsel. Among those testifying were Wright, a WalMart store clerk, and a police officer who arrived after the alleged batteries took place. Although the court discounted Wright's testimony and the second-hand accounts of the police officer, it credited the clerk's statement that Wright had shoved a shopping cart

into an acquaintance during a heated argument. The court therefore found by a preponderance of the evidence that Wright had violated the conditions of her supervised release by committing one .count of battery; the petition's other allegations were dismissed. As punishment, the court sentenced Wright to eight months' imprisonment and a new supervised release term of two years.

Wright appeals, but her counsel, believing all potential appellate arguments are frivolous, seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Wright responded to our Circuit Rule 51(b) invitation to identify potential arguments other than those set forth in counsel's facially adequate brief but has not identified any non-frivolous arguments. As we agree that the issues identified by counsel are frivolous, we grant counsel's motion and dismiss the appeal.

We begin with the potential arguments counsel identifies. First, he considers whether it would be frivolous to contend that the district court erred in finding that Wright had violated the terms of her supervised release, a determination we would review for an abuse of discretion. *See United States v. Dillard*, 910 F.2d 461, 464 (7th Cir.1990). As counsel notes, this case involved a simple dispute turning on a stark credibility finding: believe Wright's testimony that she did not shove the shopping-cart into her acquaintance, or believe the clerk's testimony that she did. We give special deference to such credibility determinations, *United States v. Willis*, 300 F.3d 803, 806 (7th Cir.2002), and can perceive nothing in the record suggesting that the district court erred by believing the clerk over Wright. The clerk's testimony sufficiently supported the conclusion that Wright had committed battery under Indiana law, *see* IND.CODE § 35–42–2–1(a),

and so we agree with counsel that it would be frivolous to argue that the district court abused its discretion in finding that Wright breached the condition that she commit no new crimes.

Counsel next queries whether there is a non-frivolous argument that the district court erred in sentencing Wright for the violation. Counsel notes that Wright's past misconduct placed her in criminal history category V and that this battery amounted to a Grade C violation because under Indiana law it was punishable by less than one year in prison. *See* U.S.S.G. § 7B1.1(3); IND.CODE § 35–50–3–3. Cross-referencing to U.S.S.G. § 7B1.4 reveals that the imprisonment range for Wright's violation was seven to thirteen months. In sentencing Wright to eight months' imprisonment, the district court discussed in open court the factors set forth in 18 U.S.C. § 3553(a). Further, the district court's imposition of an additional two years' supervised release was in accordance with 18 U.S.C. § 3583(h), which, as counsel notes, authorized the district court to require that Wright spend up to 52 months on additional supervised release. As we perceive no errors in the calculation or imposition of Wright's sentence, we agree with counsel that any sentencing-related argument would be frivolous.

■■■ Wright identifies two potential issues. First, she asks whether she could challenge her underlying conviction for bank fraud in this proceeding. The answer is no. *See United States v. Thomas*, 934 F.2d 840, 846 (7th Cir.1991); *United States v. Wright*, 2 F.3d 175, 180 (6th Cir.1993); *United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir.1993); *see also United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir.1996) (per curiam) ("[A] supervised release revocation proceeding is not the proper forum in which to attack the conviction giving rise to the revocation.").

She also wonders whether she needed to be convicted of the battery charge before her supervised release could be revoked on that basis. Again, the answer is no. *See United States v. Fleming*, 9 F.3d 1253, 1254 (7th Cir.1993) (per curiam).

Accordingly, we GRANT counsel's motion and DISMISS this appeal.