**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Elvis E. WEBB, Defendant–Appellant.**

**No. 93–5893.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 24, 1994.

Decided July 26, 1994.

Terry Cushing, Asst. U.S. Atty. (argued and briefed), Alan E. Sears, Asst. U.S. Atty., Louisville, KY, for plaintiff-appellee.

Samuel Manly (briefed and argued), Louisville, KY, for defendant-appellant.

Before: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.

NORRIS, Circuit Judge, delivered the opinion of the court, in which SUHRHEINRICH, Circuit Judge, joined. JONES, Circuit Judge (pp. 691–92), delivered a separate opinion concurring in part and dissenting in part.

ALAN E. NORRIS, Circuit Judge.

Elvis Webb appeals his sentence for violating supervised release and the continued obligation to pay restitution ordered at the time of his original sentence. For the reasons stated below, we remand the cause for resentencing. We affirm the continued obligation to make restitution payments.

## I.

In 1992, defendant pleaded guilty to altering United States Postal Service money orders, in violation of 18 U.S.C. § 371 and § 500. As a result, he was sentenced to fifteen months' imprisonment and a three-year term of supervised release, and was ordered to pay a $150 special assessment and restitution in the amount of $22,906.25.

When defendant was released from prison in March 1993, he was instructed to meet with his probation officer in Louisville, Kentucky. He made one unsuccessful attempt to meet his probation officer on the day he was released. He then went to Florida to live with his daughter without notifying the probation office. Several weeks later he called his probation officer, but refused to provide information as to his whereabouts or how he could be contacted. He was again told to report to the Louisville office. When defendant did not appear, a warrant for his arrest was issued. He voluntarily surrendered several weeks later.

The district court held a hearing to determine what punishment, if any, defendant would receive for violating supervised release. The district court considered evidence that defendant had reestablished contact with his family and was gainfully employed in Florida. The court then, on June 16, 1993, revoked his supervised release, sentenced him to twelve months' incarceration, resentenced him to a term of supervised release ending March 2, 1996, and ordered that he pay the balance of the special assessment and restitution originally ordered.

## II.

■ Defendant first argues that the district court abused its discretion when it revoked his term of supervised release. We review a district court's actions in supervised release cases for abuse of discretion. *United States v. Stephenson*, 928 F.2d 728, 731–32 (6th Cir.1991).

A district court is authorized to revoke a term of supervised release for a non-criminal violation of the terms of the supervision, 18 U.S.C. § 3583(e)(3), U.S.S.G. § 7B1.3(a)(2), although other options, such as modifying the terms of supervised release or imposing home confinement, are available to the court. *See* 18 U.S.C. § 3583(e)(2) & (4). In this case, the district court determined that defendant had substantially ignored reporting and monitoring provisions of his supervised release. Defendant was not only aware of those specific provisions, but had extensive contact with the criminal justice system and was aware of the importance of abiding by the conditions of release. The court concluded that defendant's decision simply to disobey the supervised release conditions was detrimental "to the conduct of the business of the Probation Office." Accordingly, the district court's decision to revoke supervised release was clearly within its discretion.

■ Defendant next argues that the district court's decision to sentence him to twelve months' imprisonment for violation of his supervised release was plainly unreasonable. Under 18 U.S.C. § 3583(e)(3), a district court may sentence a defendant "to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision,

if it finds by a preponderance of the evidence that the person violated a condition of supervised release."[1] The Sentencing Guidelines also provide a non-binding policy statement, *United States v. O'Neil,* 11 F.3d 292, 301 n. 11 (1st Cir.1993); *United States v. Cohen,* 965 F.2d 58, 61 (6th Cir.1992), that recommends that a person with defendant's criminal history category be imprisoned for a period of six to twelve months on revocation of supervised release. U.S.S.G. § 7B1.4(a).

Because there are no binding sentencing guidelines, the district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553,[2] and may not be plainly unreasonable. *See* 18 U.S.C. § 3742(a)(4); *United States v. Graves,* 914 F.2d 159, 160–61 (8th Cir.1990). It is clear from the record that the district court considered the factors listed in 18 U.S.C. § 3553. Under the facts of this case, the decision to incarcerate defendant for twelve months was not plainly unreasonable.

■ Nevertheless, in *United States v. Truss,* 4 F.3d 437 (6th Cir.1993), we held that a district court lacks the statutory authority to impose an additional term of supervised release after a defendant has been imprisoned upon revocation of his initial term of supervised release. *Id.* at 439. Defendant was sentenced to such an additional term in this case. Therefore, his sentence must be vacated and the cause remanded for resentencing in light of this court's opinion in *Truss.*

■ Finally, defendant argues that, under the reasoning employed in *Truss,* the district court's decision to revoke supervised release relieved him of his obligation to make restitution as originally ordered. *Truss* states:

> Supervised release is wholly a creation of Congress. While discretion is granted to the courts concerning certain aspects of its imposition and administration, that discre-

tion is expressly limited by statute. As to the modification or revocation of a defendant's supervised release, the district court's powers are limited to those found in section 3583(e).... [S]ection 3583(e)(3) contemplates only a complete revocation of an offender's supervised release term and the discretion to impose a prison term not longer than the original supervised release term, subject to a two-or-three-year cap....

*Id.* at 441.

Defendant contends that restitution is a condition of supervised release pursuant to 18 U.S.C. § 3663(g), and that when supervised release is revoked, the duty to pay restitution cannot survive the revoked term of supervised release of which it was a part. The government argues that defendant's reasoning frustrates congressional intent and undermines the purpose of imposing restitution in the first place.

There are two statutory sources for the authority to impose restitution: (1) a court may impose an order of restitution as an element of the sentence of conviction, 18 U.S.C. §§ 3551 & 3556, or (2) a court may impose restitution as a discretionary condition of supervised release or probation, 18 U.S.C. §§ 3583(d), 3563(b)(3). In either case, the restitution order is governed by the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. §§ 3663, 3664.

Prior to the VWPA, restitution could not be ordered independently of a sentence of probation. *See* The Federal Probation Act, 18 U.S.C. § 3651 (repealed 1984). One of the express reasons for the VWPA was to change this result. *See* S.Rep. No. 532, 97th Cong., 2d Sess. 30, *reprinted in* 1982 U.S.C.C.A.N. 2515, 2536. As the legislative history makes clear, the purpose of restitution is to compensate victims:

---

**1.** The statute further limits the period of incarceration to no more than three years for someone originally convicted of a Class B felony, or two years for a Class C or D felony. 18 U.S.C. § 3583(e)(3). Defendant could therefore have only been incarcerated for a maximum of two years.

**2.** These include: "[T]he nature of the offense; the need to deter criminal conduct, to protect the public, and to provide defendant with appropriate treatment; any guideline range for sentencing; guideline policy statements; and avoidance of unwarranted disparities." *United States v. Scroggins,* 910 F.2d 768, 770 (11th Cir.1990).

The premise of [proposed 18 U.S.C. § 3579][3] is that the court in devising just sanctions for adjudicated offenders, should insure that the wrongdoer make[s] good[ ], to the degree possible, the harm he has caused his victim.

. . . .

The principle of restitution is an integral part of virtually every formal system of criminal justice, of every culture and every time. It holds that, whatever else the sanctioning power of society does to punish its wrongdoers, it should also insure that the wrongdoer is required to the degree possible to restore the victim to his or her prior state of well-being.

*Id.*

The first section of the VWPA makes clear that Congress intended restitution to be an independent term of the sentence of conviction, without regard to whether incarceration, probation, or supervised release were ordered. It states: "The court, when sentencing a defendant convicted of an offense under this title . . . may order, *in addition to or*, in the case of a misdemeanor, *in lieu of* any other penalty authorized by law, that the defendant make restitution to any victim of such offense." 18 U.S.C. § 3663(a)(1) (emphasis added). This intent is further evidenced by § 3663(f)(3), which permits a court to make an obligation to pay restitution due immediately upon sentencing. Were restitution simply a term of supervised release or probation, it could not be due prior to the commencement of such a term. *See United States v. Angelica,* 859 F.2d 1390, 1392–93 (9th Cir.1988).

The confusion as to whether restitution is a separate term of the sentence or merely a part of supervised release or probation is created by 18 U.S.C. § 3663(g): "If such defendant is placed on probation or sentenced to a term of supervised release under this title, any restitution ordered under this section shall be a condition of such probation or supervised release." Standing by itself, this phrase could be construed as making restitution merely a term of supervised release or probation. But, looking at the statute in its entirety[4] and in light of the legislative history, a more natural reading of the provision is that it provides an efficient and relatively uncomplicated enforcement provision for orders of restitution. In fact, the remainder of § 3663(g) discusses the factors to be considered in revoking probation or supervised release or holding the defendant in contempt for failure to comply with a restitution order. It is aimed at effectively using the court's jurisdiction over the defendant during supervised release and probation, not at modifying the obligation to make restitution.

Were the statute to be read as defendant suggests, that is, as making restitution no more than a term of supervised release, several other statutory provisions would be rendered meaningless. For instance, the "in addition to" language of § 3663(a)(1) and § 3551 would be substantially eviscerated because restitution could never be ordered in addition to probation or supervised release, but only as a part of those punishments. Likewise, restitution could never be due immediately in any case where supervised release or probation was later ordered. Nothing in the legislative history of either the supervised release statute[5] or the provisions creating restitution support such a result.

Accordingly, we conclude that a district court's decision to revoke supervised release does not affect the obligation to pay restitution if such obligation was authorized under 18 U.S.C. §§ 3551, 3556. A defendant who is

---

**3.** The restitution sections of the VWPA were originally codified at 18 U.S.C. §§ 3579 & 3580, but were later renumbered by the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, as 18 U.S.C. §§ 3363 & 3364.

**4.** "We must interpret the statute as a whole, making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless, or superfluous." *Greenpeace, Inc. v. Waste Technologies Indus.,* 9 F.3d 1174, 1179 (6th Cir.1993).

**5.** The legislative history states: "[T]he primary goal of [supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release." S.Rep. No. 225, 98th Cong.2d Sess. 124, *reprinted* in 1984 U.S.C.C.A.N. 3182, 3307.

incarcerated may continue to pay his restitution obligation through the Inmate Financial Responsibility Program. *See* 28 C.F.R. § 545.10; *United States v. Williams*, 996 F.2d 231, 233–34 (10th Cir.1993) (noting that federal inmates can earn up to an average of $1,000 per year and can use those resources to pay restitution). Once the defendant is released from prison after serving time for his supervised release violation, the obligation to pay restitution continues in accordance with the original judgment to pay restitution for a period of up to five years from the date the defendant was released from prison on the primary conviction. *See* 18 U.S.C. § 3663(f)(1) & (2)(B). Although the district court no longer has monthly oversight over a defendant's progress toward repayment of restitution, the government may enforce the order of restitution in any way authorized by § 3663(h), including seeking a judgment for criminal default under 18 U.S.C. § 3615.

Although the district court did not explicitly set forth the statutory authority for imposing restitution in this case, it is apparent that the court relied upon 18 U.S.C. §§ 3551 & 3556 because restitution was awarded as a separate component of the judgment of conviction and installments were ordered to be paid prior to the beginning of supervised release.[6]

Accordingly, the district court did not err when it revoked supervised release and retained the restitution obligation.

### III.

This cause is **remanded** to the district court for resentencing in compliance with this court's opinion in *United States v. Truss*.

NATHANIEL R. JONES, Circuit Judge, concurring in part and dissenting in part.

I agree with the majority that the district court's decision to revoke Webb's supervised release was within its discretion, and that, as per *United States v. Truss*, 4 F.3d 437 (6th

Cir.1993), the imposition of an additional term of supervised release must be vacated and the matter remanded for resentencing. However, I believe that, under 18 U.S.C. § 3663(g), we are obliged to regard the restitution order as a condition of supervised release. Consequently, it was improper for the sentencing court to revoke the term of supervised release, yet retain the restitution obligation. Accordingly, I respectfully dissent from the portion of the majority opinion pertaining to restitution.

As the majority states, § 3663(g) provides that "[i]f such defendant is placed on probation or sentenced to a term of supervised release under this title, any restitution ordered under this section shall be a condition of such probation or supervised release." The plain and unambiguous meaning of this provision is that where restitution and supervised release are both imposed, the former must be a *condition* of the latter. The language of this provision is clearly mandatory and leaves no room for discretion.

The majority, however, interprets this section as permitting restitution and supervised release to be imposed independently of each other, such that revocation of one does not affect the other in the least. It characterizes this interpretation, which seems to me to be totally inconsistent with the plain language of the statute, as "a more natural reading of the provision." Majority Op. at 690.

The majority contends that construing § 3663(g) in accordance with what I regard as its plain and unambiguous meaning would "substantially eviscerate" language in other parts of the statute—namely the phrase "in addition to," which is found in § 3663(a)(1). *See* Majority Op. at 690. I find this claim to be insupportable. Section 3663(a)(1) grants a sentencing court the discretion to order restitution "in addition to . . . any other penalty authorized by law." There is no tension or inconsistency between this section and § 3663(g). The two provisions together simply provide that, in addition to other penal-

---

6. The restitution order states: "The defendant shall make restitution in the amount of $22,906.25.... The defendant shall make payment toward restitution as determined by the Inmate Financial Responsibility Program ... with any balance to be paid within a period not to exceed 30 months after release from imprisonment."

The supervised release order contains the following special condition: "The defendant shall make regular payments *toward any remaining balance* of the imposed $22,906.25 restitution (which is due within the first 30 months of supervised release), at the maximum rate permitted by his monthly cash flow...." (Emphasis added.)

ties, a court may order a defendant to make restitution, and if a term of supervised release is one of the other penalties, making restitution must be a condition of such release. No part of the statute is "eviscerated" by this straightforward interpretation.

According to *Truss*, the revocation of a term of supervised release must be understood as a complete revocation, including all of the conditions of the term. 4 F.3d at 441. Insofar as the restitution order was a condition of supervised release, under § 3663(g), it too is destroyed by the revocation.

For these reasons, I would instruct the district court on remand that it is no more free to re-impose the restitution order than it is to re-impose an extended supervised release term. I would hold that on remand, the district court is free to reconsider whether it should revoke the term of supervised release at all. It has a choice of either incarcerating Webb, or of reinstituting or modifying the conditions of the term of supervised release, including restitution. *See Truss*, 4 F.3d at 438–39. The majority errs by allowing the district court on remand to do both of these things.