43 F.3d 1473
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Edwin KILGOUR, III, Defendant-Appellant.
 No. 94-3145.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: MARTIN and BOGGS, Circuit Judges; and BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Robert Edwin Kilgour, III, appeals the district court's decision to revoke his supervised release and order him to a nine-month term of imprisonment. Claiming that the district court abused its discretion in finding that he violated the conditions of his supervised release, Kilgour asks us to reverse that court's decision and reinstate his supervised release. For the following reasons, we affirm the district court's decision.
 
 
 2
 On May 14, 1990, Kilgour pled guilty to a two-count Information charging him with making a false statement to the Social Security Administration in violation of 18 U.S.C. Sec. 1001, and with making false statements to a federally insured financial institution in violation of 18 U.S.C. Sec. 1014.
 
 
 3
 On August 17, the district court sentenced Kilgour to an eleven-month term of imprisonment on each of the two counts, to be served concurrently, followed by a two-year period of supervised release. Kilgour filed a timely notice of appeal. He then filed a Motion for Certification of Error with this Court on September 24, arguing that the district court committed a mathematical error in sentencing him and that the case should be remanded for resentencing. On October 3, the district court entered an Order stating that Kilgour's certification of error had merit and stating that it would vacate Kilgour's sentence and set the matter for re-sentencing, should this Court remand it. Acting pursuant to this Court's decision to remand the case, the district court resentenced Kilgour on March 27, 1991. This time, the court sentenced Kilgour to a nine-month term of imprisonment on each of the two counts, to be served concurrently, followed by a two-year period of supervised release. Kilgour did not appeal this sentence.
 
 
 4
 Kilgour served his term of imprisonment, and his supervised release period began on January 9, 1992. Following Kilgour's February 29 conviction for driving under the influence, the district court modified the conditions of his supervised release to require Kilgour to participate in a substance abuse program and to undergo urinalysis at his probation officer's direction. This conviction violated two of the original conditions of his supervised release: that he not commit another offense while on supervised release, and that he refrain from the excessive use of alcohol.
 
 
 5
 After Kilgour admitted to his probation officer that he had fraudulently used a Social Security number in November 1992, the district court again modified the conditions of his supervised release. This October 21, 1993, modification required Kilgour to enter the Talbert House for Men for sixty days, to undergo a mental health assessment, and to attend counseling at the direction of his probation officer. Accordingly, Kilgour entered Talbert House on November 10.
 
 
 6
 On December 23, Kilgour's probation officer, John Shore, petitioned the district court to revoke Kilgour's supervised release altogether, in the wake of Kilgour's dismissal from the Talbert House program for failure to comply with its rules.
 
 
 7
 The district court held a supervised release revocation hearing on January 22, 1994. At the hearing, Shore alleged that Kilgour violated two Talbert House rules: on December 23, 1993, he failed to report that he was changing locations while on the job; and he had failed to furnish his paycheck stubs as required, though he was repeatedly asked to do so. Kilgour contested these allegations and testified on his own behalf. He admitted that he had been terminated from Talbert House on December 23. Moreover, Kilgour acknowledged that he was required to report to Talbert House before he moved from job site to job site and testified that he had tried to contact Talbert House on December 23. He did not, however, describe his communication efforts or give a reason for his inability to reach Talbert House. He then suggested that holiday traffic caused his delay. In addition, Kilgour admitted that he had failed to furnish the required verification of his employment but explained that his employer's delayed payment policy, coupled with a change in bookkeepers, were to blame. He claimed that his employer telephoned Talbert House to explain this situation. After the close of the hearing, the district court terminated Kilgour's supervised release and ordered him to spend an additional nine months in prison. This timely appeal followed.
 
 
 8
 18 U.S.C. Sec. 3583(e)(3) authorizes a district court to revoke a term of supervised release if it finds by a preponderance of the evidence that the individual violated the terms of supervision. United States v. Webb, 30 F.3d 687, 688 (6th Cir.1994). In supervised release cases, this Court reviews a district court's findings for abuse of discretion. United States v. Stephenson, 928 F.2d 728, 731 (6th Cir.1991).
 
 
 9
 We find that the district court did not abuse its discretion in determining that Kilgour violated the terms and conditions of his supervised release. The court heard both the allegations recited by Kilgour's probation officer and Kilgour's explanations for his failure to comply with the conditions of his supervised release. After observing that it had given Kilgour "a break" for violations of the conditions of his release on two prior occasions, this time the district court elected to revoke Kilgour's supervised release.
 
 
 10
 Because Kilgour's dismissal from Talbert House was a violation of a condition of his supervised release, it constituted a Class C violation. U.S.S.G. Sec. 7B1.1(a)(3). Given Kilgour's criminal history category of I, the Guideline range for imprisonment was three to nine months. U.S.S.G. Sec. 7B1.4. Kilgour does not contest the nine-month sentence imposed.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation