51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold ROSS, Defendant-Appellant.
 No. 94-3497.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1995.
 
 Before: BROWN, NELSON and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Harold Ross appeals from the revocation of his supervised release. Upon review, we find no errors, and therefore AFFIRM.
 
 I.
 
 2
 On May 3, 1991, Ross entered a guilty plea to one count of conspiracy to possess stolen mail in violation of 18 U.S.C. Sec. 371. He was sentenced to thirty-three months in custody followed by a three-year term of supervised release. Among some of the express conditions of his supervised release, Ross was prohibited from "commit[ing] another federal, state or local crime" and was required to "report to the probation officer as directed ... [and] submit a truthful and complete written report." (J.A. at 8.) Ross was also directed to "answer truthfully all inquiries by the probation officer...." (Id.) On February 28, 1994, Ross' probation officer, Robert Taylor, filed a petition to revoke Ross' supervised release.
 
 
 3
 At the hearing, Ross testified that he and a friend, Bruce Council, went to Grove City to retrieve some chips that Council purportedly left inside a truck at the Frito Lay snack plant. The security guard at the Frito Lay Plant arrested Ross and Council after the guard witnessed Council climbing out of the truck. Ross admitted that he was taken into police custody and charged with criminal mischief.
 
 
 4
 Ross claimed that he told his probation officer exactly what happened. Taylor disagreed and testified that he uncovered Ross' violations during a routine check in January. Ross' December report did not contain any information concerning his arrest. Taylor secured information about the Grove City arrest from the municipal court and by contacting the security guard who caught Ross and Council. Taylor also testified that Ross initially claimed that he was arrested for urinating in public.
 
 
 5
 Based on the testimony provided at the April 22, 1994 revocation hearing, the district court revoked Ross' supervised release and committed him to the custody of the Bureau of Prisons for a fourteen-month term. The district court determined that Ross entered the truck for the purpose of stealing merchandise, falsely described the nature of the offense to his probation officer, and when confronted with the true facts, made statements indicating that he was accepting responsibility for his actions.
 
 II.
 
 6
 A court may revoke a term of supervised release if it finds, by a preponderance of the evidence, that the person violated a condition of the supervised release. 18 U.S.C. Sec. 3583(e)(3). On appeal, "[w]e review a district court's actions in supervised release cases for abuse of discretion." United States v. Webb, 30 F.3d 687, 688 (6th Cir.1994). A hearing must be offered before the revocation of supervised release to satisfy the requirements of due process. The person on supervised release must be given the opportunity to show that he did not violate the conditions. Morrissey v. Brewer, 408 U.S. 471, 488 (1972); United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991).
 
 A.
 
 7
 Ross contends that the revocation petition was flawed because it did not identify the statute or ordinance that he allegedly violated. Ross' contention is meritless. First, even though the petition did not identify the particular law that he violated, the supervised release violation report prepared by Taylor specifically outlines the crimes that Ross was charged with committing. Second, although the district court characterized the criminal mischief offenses as a "potential theft offense or attempted theft," the record clearly indicates that the district court knew that the official nomenclature for the charged offense is "criminal mischief."[1]
 
 B.
 
 8
 Ross next contends that the district court violated his due process rights by failing to require the government to go forward with evidence of a violation before Ross presented his case. He asserts that this conduct resulted in shifting the burden to him to prove that he did not violate the conditions of his supervised release.
 
 
 9
 Upon review of the revocation hearing transcript, we find Ross' contention meritless. The district court did not require Ross to go forward with evidence that he did not violate the conditions of his supervised release. Rather, the district court merely asked if Ross contested any of the information raised in the violation report, and whether Ross would like to present his testimony first. The district court did not require Ross to go first, and in any event, his counsel indicated that Ross wanted to proceed first. Ross cannot object to the order of the testimony on appeal when he did not object, and indeed assented to that order initially.
 
 
 10
 Although the proceeding was not conventional, we find that it did satisfy the requirements of due process, as articulated in Stephenson, 928 F.2d at 732. The hearing allowed the district court to make an objective, fair evaluation of the relevant facts and determine whether the facts supported the revocation of Ross' supervised release. Ross was afforded an opportunity to be heard and explain why the facts did not warrant revocation of his supervised release. In sum, there is no evidence that the district court shifted the burden of proof from the government to Ross.
 
 C.
 
 11
 Ross also contends that his Sixth Amendment right of confrontation was violated because he was not given the opportunity to confront and cross-examine adverse witnesses at the revocation hearing. His argument fails for two reasons.
 
 
 12
 First, Ross mistakenly believes that under Stephenson, a defendant must be given the opportunity to confront and cross-examine adverse witnesses, absent a finding of good cause, when in fact we held that there was insufficient evidence to support a revocation order and thus remanded to the district court for a new hearing. Second, Ross waived his right to argue this issue on appeal because he failed to make any objections concerning his Sixth Amendment rights at the revocation hearing.
 
 D.
 
 13
 Ross' final claim of error is that the government failed to adduce sufficient evidence of a violation. Because we do not have a definite and firm conviction that the court below committed clear error of judgment in the conclusion it reached after weighing the relevant factors, we find that the district court did not abuse its discretion in revoking Ross' supervised release. The record is more than sufficient to support a finding that Ross engaged in additional criminal activity, submitted a false written report to his probation officer, lied to his probation officer, and later accepted responsibility for his actions.
 
 III.
 
 14
 Accordingly, for the reasons set forth above, we AFFIRM the district court's order revoking Ross' supervised release.
 
 
 
 [1]
 We also note that Ross errantly argues that the district court proceeded solely upon the first violation listed in the petition for revocation. The district court also received testimony on the other three bases provided in the petition