70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herman Eugene GARNER III, Defendant-Appellant.
 No. 95-3145.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1995.
 
 Before: CONTIE, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Herman Eugene Garner III appeals a district court order revoking his supervised release and sentencing him to ten months of imprisonment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Garner pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Garner to 78 months of imprisonment and four years of supervised release. On appeal, this court concluded that the district court had improperly enhanced Garner's sentence and remanded the case for resentencing. United States v. Garner, 940 F.2d 172 (6th Cir.1991). Upon remand, the district court sentenced Garner to 63 months of imprisonment and four years of supervised release. Garner did not appeal this sentence.
 
 
 3
 In 1994, the government moved the district court to revoke Garner's supervised release because Garner had violated the terms of his release by possessing a firearm. Following two hearings, the district court concluded that Garner had violated the terms of his supervised release and, consequently, the court revoked Garner's supervised release. After another hearing, the district court sentenced Garner to ten months of imprisonment.
 
 
 4
 In this timely appeal, Garner's counsel has filed a motion to withdraw her representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967), in which she argues that: (1) the district court improperly failed to credit the testimony of Garner's witness at the revocation hearing; (2) the district court improperly concluded that Garner was not justified in possessing the firearm; and (3) the district court issued an oral sentence from the bench which superseded the court's filed order and judgment. Garner has not responded to his counsel's motion to withdraw.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in revoking Garner's supervised release. United States v. Webb, 30 F.3d 687, 688 (6th Cir.1994). The court properly concluded that a preponderance of the evidence showed that Garner violated a condition of his supervised release. Id. at 688-89. Garner was not justified in possessing the firearm. See United States v. Singleton, 902 F.2d 471, 472 (6th Cir.), cert. denied, 498 U.S. 872 (1990).
 
 
 6
 We also conclude that the district court's hypothetical discussion from the bench about continuing Garner's supervised release did not constitute Garner's sentence; rather, his sentence is clearly reflected in the district court's judgment filed on February 6, 1995, revoking his supervised release and imposing a ten month sentence. See United States v. Martin, 913 F.2d 1172, 1175 (6th Cir.1990) (a court ultimately speaks through its journal entries).
 
 
 7
 We have further examined the record in this case, including the transcripts of the revocation and sentencing hearings, and conclude that no reversible error is apparent from the record.
 
 
 8
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.