83 F.3d 423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee.
v.
Dana Ray MORRISON, Defendant-Appellant.
 No. 95-5700.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1996.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 Dana Ray Morrison, represented by counsel, appeals a district court judgment revoking his supervised release. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In May 1995, the district court revoked Morrison's supervised release following a revocation hearing, and sentenced him to 18 months of imprisonment. Morrison has filed a timely appeal, arguing that the district court improperly revoked his parole.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion when it revoked Morrison's supervised release. See United States v. Webb, 30 F.3d 687, 688 (6th Cir.1994). We review the district court's underlying findings of fact for clear error. See Fed.R.Civ.P. 52(a); United States v. Gonzales, 929 F.2d 213, 216 (6th Cir.1991). When revoking supervised release, the district court must find a violation of a condition of supervised release by a preponderance of the evidence. See Webb, 30 F.3d at 688-89.
 
 
 5
 Two witnesses, Morrison's estranged wife and her father, testified that they saw Morrison with a nine millimeter pistol. Moreover, Morrison's father-in-law testified that Morrison had fired the weapon at him several times. The district court did not commit clear error when it concluded that Morrison had possessed a firearm, even though Morrison's wife's and father-in-law's account of the incident differed dramatically from Morrison's version. See Brunet v. City of Columbus, 58 F.3d 251, 255 (6th Cir.1995) ("[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous," quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985)). Although Morrison argues that these witnesses were biased against him, their testimony was corroborated by a Marion County Deputy Sheriff who testified that he found shell casings from a pistol in the vicinity of the shoot-out.
 
 
 6
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation