**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerry Allen PETERSON, Defendant–**
**Appellant.**

No. 00–6666.

United States Court of Appeals,
Sixth Circuit.

May 16, 2001.

Before SILER and MOORE, Circuit

---

Judges: STAGG, District Judge.[*]

This is a direct appeal from a judgment revoking a period of supervised release in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Jerry Allen Peterson pleaded guilty to wire fraud and mail fraud. The district court sentenced Peterson to a thirty-seven month term of imprisonment to be followed by a three-year period of supervised release. Peterson began serving his supervised release on April 17, 1998, and on October 20, 2000, a petition was filed for Peterson's detention for his alleged violation of the conditions of his supervised release. The district court subsequently conducted a hearing where Peterson admitted the violations charged. The court imposed a six-month term of imprisonment to be followed by a new twenty-four month period of supervised release. The present appeal is taken from this latter judgment.

Counsel for Peterson filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Peterson was served with this motion and a copy of the brief and was invited to respond, *see Freels v. Hills*, 843 F.2d 958, 961 & n. 3 (6th Cir. 1988), but he chose not to do so.

The conditions of supervised release originally imposed on Peterson included in part a prohibition on Peterson's use of illegal drugs, a requirement that he main-tain employment, and that he report for drug counseling and treatment as directed. The petition in support of a warrant for Peterson's detention contained allegations that Peterson had violated each of these three conditions. Peterson and his counsel were later summoned to a hearing at which time Peterson was confronted with these charges.

Peterson admitted the charges at the hearing. His counsel then asked the court to take into account Peterson's successful completion of two and one-half years of his three-year period of supervised release and refrain from giving Peterson any additional prison time. The government opposed this request, arguing that Peterson had demonstrated that he could not abide by his current rules for life outside prison. The district court eventually agreed with the government that Peterson needed to suffer some meaningful consequences of his violations, particularly with regard to Peterson's use of cocaine. The court then sentenced Peterson to a six-month term of incarceration, a term at the lowest end of the guideline range, to be followed by a new two year period of supervised release. The court expressed its opinion that Peterson obviously needed supervision and hoped that the additional prison time and new supervised release would help Peterson get on with a drug-free life.

Counsel for Peterson brings one arguable issue for appellate review in furtherance of her duty under *Anders*, namely, counsel argues that the district court erred in adding a new twenty-four month term of supervised release to Peterson's six month prison sentence. This argument is essentially a continuation of counsel's plea for leniency made at the revocation hearing.

[*] The Honorable Tom Stagg, United States District Judge for the Western District of Louisi-ana, sitting by designation.

There is no basis in law for this arguable issue. This court reviews a district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion. *United States v. Webb,* 30 F.3d 687, 688 (6th Cir.1994). This court will affirm a sentence of imprisonment upon revocation of supervised release if the district court considered the relevant statutory factors and the sentence is not plainly unreasonable. *See id.* at 689; *United States v. McClellan,* 164 F.3d 308, 309 (6th Cir. 1999).

In the case at bar, counsel concedes that the district court was authorized by law to impose the sentence of record. The six-month term of imprisonment was within the guidelines for the underlying Class C felonies of conviction. The district court was thus empowered to impose a new term of supervised release. In addition, the record clearly reflects the district court's consideration of the particular circumstances of Peterson's situation and the court's concern that a new period of incarceration and supervised release were necessary to help Peterson adjust to a crime-free existence in society. The district court did not abuse its discretion in giving Peterson the sentence of record. There are no other errors alleged or apparent.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.