**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Darrell Lee PICKENS, Defendant–
Appellant.**

No. 00–6687.

United States Court of Appeals,
Sixth Circuit.

Aug. 10, 2001.

Before MOORE and COLE, Circuit Judges; ROSEN, District Judge.*

Darrell Lee Pickens, a federal prisoner, appeals the district court's judgment imposed for violating the conditions of his supervised release. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pickens pleaded guilty in March 1994 to two counts of forging United States Treasury checks and was sentenced on May 12, 1994, to 31 months in prison and three years of supervised release. He was also ordered to pay $634 in restitution. A panel of this court affirmed the judgment on April 11, 1995, in an opinion announced from the bench. Pickens completed his prison term and commenced his period of supervised release on January 6, 1998, but was charged on January 27, 1999, with violating the conditions of his supervision. Pickens pleaded guilty and, on April 12, 1999, the district court revoked his supervised release and sentenced him to 12 months in prison followed by a new 12-month term of supervised release.

Upon completion of this prison term, Pickens commenced his second period of supervised release on March 15, 2000. However, he was soon charged with several violations of the conditions of his supervision. Pickens pleaded guilty to all but one of the charged violations at a hearing conducted on November 16, 2000. The district court accepted his guilty plea, revoked his supervised release, and sentenced him to 12 months in prison with no new term of supervised release. The judgment was entered on November 17, 2000.

Pickens's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did address the issue of whether the district court's sentence was erroneous. Pickens was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we grant counsel's motion to withdraw because he has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and addresses the only issue he deemed arguable. We affirm the district court's judgment because the district court adequately considered the appropriate factors in imposing its sentence.

This court "will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir.1999); *accord United States v. Webb*, 30 F.3d 687, 689 (6th Cir.1994). The policy statements contained in Chapter Seven of the U.S. Sentencing Guidelines are merely advisory and the district court need only consider them before imposing sentence upon revocation of supervised release. *McClellan*, 164 F.3d at 310. In addition to consideration of the policy

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

statements, the district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553. *Id.* The district court need not make specific findings related to each of the factors considered, but must articulate enough of its reasoning to permit informed appellate review. *Id.* The record in Pickens's case meets this standard.

Because the district court properly considered both the policy statements of the sentencing guidelines and the factors set forth in § 3553, and also articulated its reasoning so as to permit informed appellate review, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.