**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Isaac BAKER, Defendant–Appellant.**

**No. 01–4065.**

United States Court of Appeals,
Sixth Circuit.

June 14, 2002.

Before SILER and MOORE, Circuit Judges; STAFFORD, District Judge.*

Isaac Baker, a federal prisoner, appeals a district court order revoking his supervised release and imposing sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Baker pleaded guilty in May 1995 to two counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court sentenced him on October 13, 1995, to 46 months in prison, followed by five years of supervised release. An amended judgment was entered on August 22, 1997. Baker commenced his term of supervised release on August 3, 1998, and, on December 18, 2000, he consented to a request to modify the terms of his supervised release to add participation in a mental health counseling program with an emphasis on anger management.

On August 3, 2001, a Petition for Warrant or Summons for Offender Under Supervision charged Baker with three violations of the terms of his supervised release. Those violations included commission of additional offenses (Violation # 1), positive urine tests for alcohol and marijuana (Violation # 2), and failure to report to the probation officer (Violation # 3). Following a final revocation hearing, held on September 28, 2001, the district court found Baker to be in violation of the terms of his supervised release, revoked the order placing him on supervised release, and sentenced him to 12 months and one day in prison, followed by a new one-year term of supervised release. The district court's order added the requested condition that Baker participate in a mental health counseling program that includes anger management.

Baker's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did address the following issues: (1) whether Baker was adequately informed of the nature of the alleged supervised release violations; (2) whether the sentence upon revocation of supervised release was imposed in conformance with the requirements of the Constitution, applicable statutes, Federal Rules of Criminal Procedure, and the U.S. Sentencing Guide-

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

lines; and (3) whether counsel's failure to request an alternative sentence of community corrections was appropriate. Baker has responded to his attorney's *Anders* brief, requesting new counsel and raising two additional issues: (4) whether there is failure to comply with the district court's order that he participate in mental health counseling with anger management when his place of incarceration does not offer such a program; and (5) whether the prosecutor and district court improperly failed to consider a sentence to a halfway house in light of the fact that his gross sexual imposition conviction was over ten years old and the offense was committed while he was a juvenile.

Upon review, we grant counsel's motion to withdraw because he has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and raises the only issues he determined to be arguable. We affirm the district court's judgment because there was no reversible error in Baker's revocation proceedings.

"In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release. [citation omitted] Once this finding is made, whether the defendant's supervised release should be revoked is reviewed for an abuse of discretion." *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir.2000), *cert. denied*, 532 U.S. 952, 121 S.Ct. 1424, 149 L.Ed.2d 364 (2001).

It is undisputed in this case that Baker violated the conditions of his supervised release; Baker admitted the facts supporting the alleged violations. The first issue presented in counsel's *Anders* brief challenges the finding of violation on the issue of whether Baker was adequately informed of the nature of alleged violations. It is clear from the record that Baker was adequately informed of the nature of the alleged violations charged against him and knowingly admitted those violations. The first issue on appeal is without merit.

Baker, through counsel, next questions whether his sentence was lawfully imposed. This court "will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir.1999); *accord United States v. Webb*, 30 F.3d 687, 689 (6th Cir.1994). The policy statements contained in Chapter Seven of the Sentencing Guidelines are merely advisory and the district court need only consider them before imposing sentence upon revocation of supervised release. *McClellan*, 164 F.3d at 310. In addition to consideration of the policy statements, the district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553. *Id.* The district court need not make specific findings related to each of the factors considered, but must articulate enough of its reasoning to permit informed appellate review. *Id.*

Upon consideration, we conclude that the sentence imposed by the district court was reasonable and imposed in accordance with the applicable law. Baker's second issue on appeal is meritless.

Both Baker and his attorney next question whether the district court should have considered a sentence to a community corrections center or home confinement rather than incarceration. Counsel notes that Baker's 1991 conviction for gross sexual imposition made him ineligible for community confinement. Baker counters that this conviction was over ten years old at the time of the revocation of his supervised release and was committed while he was a juvenile. For both reasons, he argues, it should not be used against him. The issue

**54**

of the 1991 conviction is actually moot. The record shows that the determinating factor in the opinion of both the probation officer and the court that incarceration was required was Baker's action in absconding from supervision for about a six-month period. It is further noted that, because one of Baker's violations involved the use of marijuana, a term of imprisonment was required by statute. *See* 18 U.S.C. § 3583(g); USSG § 7B1.4, comment. (n.5).

■ Finally, Baker, in his pro se response to his attorney's *Anders* brief, complains that there is no counseling program at the institution in which he is incarcerated that meets the requirements of the new condition of supervised release imposed by the district court. This issue does not challenge either the revocation of Baker's supervised release or the sentence imposed. Instead, it challenges a condition of his confinement, specifically, the institution's failure to offer the type of counseling program required by the district court. Thus, it is not properly brought in this appeal.

Accordingly, counsel's motion to withdraw is granted and Baker's request for new counsel is denied. The district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.