**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Miles TYE, Defendant–Appellant.**

No. 01–3755.

United States Court of Appeals,
Sixth Circuit.

Sept. 12, 2002.

Before BOGGS and COLE, Circuit Judges; BATTANI, District Judge.[*]

John Miles Tye, proceeding through counsel, appeals a district court's order revoking his term of supervised release. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1988, a jury convicted Tye of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). Because of a previous drug-trafficking felony conviction, Tye was sentenced to a mandatory minimum term of 120 months in prison. He did not bring a direct appeal.

On September 4, 1997, Tye's term of incarceration ended and he began serving his term of supervised release. He then tested positive for cocaine use which led to a modification of his supervised release on October 22, 1998, to include 90 days in a community corrections center. Four more positive drug tests resulted in the first revocation of Tye's supervised release on November 23, 1999, and a sentence of three months in a halfway house and five years of supervised release. On May 31, 2001, Tye's probation officer petitioned the court to again revoke Tye's supervised release because he had failed to submit a written report to the officer, had failed to report in person to the officer on three occasions, had tested positive for cocaine thirteen times, and had failed to submit to drug tests on six different dates. Tye admitted the violations at a revocation hearing. After considering the recommended guideline range of 4 to 10 months and hearing argument, the district court departed upward and sentenced Tye to 30 months in prison and two years of supervised release. It is from this order that he now appeals.

In his timely appeal, Tye argues that the district court erred by imposing a prison term exceeding the recommended sentencing range.

This court reviews a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). Although the policy statements from Chapter 7 of the Sentencing Guidelines recommend prison ranges, *see* USSG § 7B1.4, the policy statements are merely advisory and do not bind the sentencing court. *Washington,* 147 F.3d at 491.

In the absence of mandatory guidelines, the district court's sentence must

[*] The Honorable Marianne O. Battani, United States District Judge for the Eastern District of Michigan, sitting by designation.

show consideration of any relevant statutory factors and may not be plainly unreasonable. *See* 18 U.S.C. §§ 3583(e), 3553, & 3742(a)(4); *Washington*, 147 F.3d at 491; *United States v. Webb*, 30 F.3d 687, 689 (6th Cir.1994). The relevant factors in 18 U.S.C. § 3553 include: 1) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; 2) the nature of the offense; 3) any guideline range for sentencing; 4) guideline policy statements; and 5) avoidance of unwarranted sentence disparities. The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999). All that is required is a general statement of the district court's reasons sufficient to permit an informed appellate review. *Id.*

▮ The district court did not abuse its discretion. The district court accepted the probation officer's recommendation to impose a prison term of 30 months following the officer's explanation that Tye needed long-term, confined treatment and that the Federal Bureau of Prisons would not put anyone with a sentence shorter than 30 months on the waiting list for the 500–hour intensive drug treatment program. In considering possible sentencing options, the district court stated in part:

> [T]he Guidelines Manual under the statutory mention says that the basic purposes of criminal punishment are: Number 1, deterrence; Number 2, incapacitation; Number 3, just punishment; and bringing up the rear, Number 4, is rehabilitation.
> Everything I have read in the letters that have been submitted seems to think that our primary concern should be your rehabilitation, which, in fact, it isn't.

> Our primary concern is to deter your drug usage and to help try to curtail drug abuse in this country one person at a time, if we have to do it, and incapacitate you and prevent you from using drugs and doing anything else that you might need to do, or want to do that's illegal in order to feed your habit, and impose a just punishment.

(Revocation Hearing Tr., p. 29).

The district court's sentence and comments reflect consideration of several of the factors listed in § 3553, including the need to deter criminal conduct and the need to provide Tye with appropriate treatment. It is not necessary for the district court to make specific findings relating to each of the factors considered. *See Washington*, 147 F.3d at 492.

Accordingly, the district court's judgment is affirmed.