**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andrew E. MCCOY, Defendant–**
**Appellant.**

No. 02–3233.

United States Court of Appeals,
Sixth Circuit.

Dec. 13, 2002.

Before MARTIN, Chief Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.*

*ORDER*

Andrew McCoy, a federal prisoner, appeals the sentence of imprisonment imposed upon the revocation of his supervised release. The parties have expressly waived oral argument. Upon examination, this panel unanimouslly agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 30, 1996, McCoy was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) (a Class B felony), and sentenced to fifty-seven months of imprisonment and five years of supervised release. On December 30, 1999, McCoy completed his term of imprisonment and

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

was placed on supervised release. On February 1, 2002, the United States Probation Department petitioned the district court to revoke McCoy's supervised release. On April 13, 2001, the district court modified the terms of McCoy's supervised release by ordering him to serve six months at a halfway house for drug treatment. Thereafter, the Probation Department filed a second petition, and a supplemental violation report, alleging a number of Grade C violations and seeking to have McCoy's supervised release revoked. The district court conducted a hearing, and McCoy admitted the Grade C violations. Although the policy statements from Chapter 7 of the Sentencing Guidelines recommended a range of six to twelve months, *see* USSG § 7B1.4, the district court sentenced McCoy to twenty-four months of imprisonment.

On appeal, McCoy does not challenge the district court's decision to revoke his supervised release; rather, he contends that the district court abused its discretion in sentencing him by failing to consider all the sentencing factors outlined in 18 U.S.C. § 3553.

This court reviews a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998). This court will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable. *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir.1999).

Although the policy statements from Chapter 7 of the Sentencing Guidelines recommend a range of six to twelve months, *see* USSG § 7B1.4, the policy statements are merely advisory and do not bind the sentencing court. *Washington*, 147 F.3d at 491. In the absence of manda-tory guidelines, the district court's sentence must show consideration of any relevant statutory factors and may not be plainly unreasonable. *See* 18 U.S.C. §§ 3583(e), 3553, & 3742(a)(4); *Washington*, 147 F.3d at 491; *United States v. Webb*, 30 F.3d 687, 689 (6th Cir.1994). The relevant factors in 18 U.S.C. § 3553 include: 1) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; 2) the nature of the offense; 3) any guideline range for sentencing; 4) guideline policy statements; and 5) avoidance of unwarranted disparities. The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *McClellan*, 164 F.3d at 310. All that is required is a general statement of the district court's reasons sufficient to permit an informed appellate review. *Id.*

Upon review, we conclude that the district court did not abuse its discretion. The district court stated its reasons for imposing a twenty-four month term of imprisonment. Specifically, the court noted: 1) McCoy's drug addiction and inability— or unwillingness—to complete drug treatment programs; 2) McCoy's recidivism; 3) the need to protect the public from the kind of violence and harm that had arisen as a result of McCoy's behavior; and 4) the need to facilitate McCoy's participation in a prison-run drug rehabilitation program. Thus, McCoy's sentence of imprisonment was not plainly unreasonable.

Accordingly, the district court's judgment is hereby affirmed.