UNITED STATES of America,
Plaintiff–Appellee,

v.

Ashley TURNER, also known
as Brenda Lee Turner,
Defendant–Appellant.

No. 03–6013.

United States Court of Appeals,
Sixth Circuit.

March 17, 2004.

Gary Humble, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Nikki C. Pierce, Federal Defender Services of Eastern Tennessee, Greeneville, TN, Ashley Turner, Tallahassee, FL, for Defendant–Appellant.

Before: NELSON, MOORE, and FRIEDMAN,* Circuit Judges.

## ORDER

This is a direct appeal from a criminal judgment and commitment order. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, a jury found Ashley Turner guilty of two counts of bank fraud, two counts of making a false statement, and two counts of fraudulently using a Social Security number. The district court sentenced Turner to a thirty-four-month term of imprisonment and a five-year period of

---

* The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

supervised release. A panel of this court affirmed Turner's conviction on direct appeal. *United States v. Turner,* No. 98–5370, 1999 WL 701901 (6th Cir. Sept.2, 1999). Turner thereafter served out her sentence of incarceration and was placed on supervised release.

On April 17, 2003, the district court approved the filing of a warrant for Turner's arrest on two separate charges of violating the terms of her supervised release. The district court thereafter conducted an evidentiary hearing and found Turner guilty of both violations. The court revoked Turner's supervised release and sentenced her to a twelve-month term of incarceration. This appeal followed. Counsel for Turner filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Turner served out her sentence of incarceration and was placed on supervised release in Chattanooga, Tennessee. Turner's supervised release was subject to several conditions. Two of those conditions were that Turner not commit another federal, state or local crime, and that she not leave the judicial district without permission of the court or her probation officer. Turner was charged with having violated each of the above conditions of her release in the warrant of April 17, 2003. The specific allegations were that Turner had impersonated a licensed professional and that she traveled outside the judicial district without permission on three occasions in early 2003.

The matter proceeded to an evidentiary hearing at which Turner was represented by counsel. Turner and her counsel immediately stipulated to the fact of the second violation, that is, that Turner had made three unauthorized visits to Nashville, Tennessee, on the dates listed in the warrant. Turner insisted on contesting the first claimed violation, and the district court heard from a series of witnesses on this issue.

Sandra James, a former staff attorney for the Tennessee Department of Commerce and Insurance, testified as to her official encounters with Turner beginning in the middle of January 2003. James testified that she was acting on behalf of the Tennessee Board of Cosmetology when she spoke with a person who identified herself as Dr. Ashley Abusaft, an attorney with the NAACP. Abusaft and Turner are the same person. On February 3, 2003, Turner personally appeared before the Board on behalf of a shop owner. She again claimed to be an attorney with the NAACP as well as an associate attorney of a Washington, D.C., organization called the National Criminal Legal Defense.

The deputy superintendent for the Hamilton County [Tennessee] school system, Dr. Robert Smith, also testified that he met Turner in his official capacity as the overseer of the student disciplinary appeals process. Smith testified that in April 2003, Turner appeared at his office in an effort to expedite a pending disciplinary appeal. Smith stated under oath that when Turner appeared with the student at the April 30, 2003, hearing, she identified herself as an attorney, although she did not necessarily claim to have been hired in that capacity. Other witnesses testified on this issue, but the district court did not fully credit their testimony against Turner.

Turner testified in her own defense, denying most of the claims made by the witnesses and attempting to interject allegations of bias into the proceedings. The court considered the evidence and found that Turner had violated at least one Tennessee statute, either Tenn.Code Ann. § 39–16–302 (impersonating a licensed

professional), Tenn.Code Ann. § 23–3–108 (misrepresentation), or Tenn.Code Ann. § 23–3–103 (unauthorized practice of law). The court revoked Turner's supervised released and imposed a twelve-month term of imprisonment.

On appeal, counsel for Turner sets forth three arguable issues for appellate review while conceding their lack of merit. Counsel first argues that the district court may have erred in ordering the revocation of Turner's supervised release and in imposing a sentence at the lowest end of the advisory guideline range. This court reviews a district court's actions in supervised release cases for an abuse of discretion. *United States v. Webb*, 30 F.3d 687, 688 (6th Cir.1994). The record reflects, and counsel acknowledges, that the first violation (commission of a state crime) was a Grade B violation of Turner's supervised release. USSG § 7B1.1(a)(2). The district court was therefore required to revoke Turner's supervised release after concluding that she had committed the violation. USSG § 7B1.3(a)(1). Where, as here, the defendant did not object to the sentence, this court will review the sentence for plain error only. *United States v. Leachman*, 309 F.3d 377, 380 (6th Cir. 2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1769, 155 L.Ed.2d 527 (2003). As counsel concedes, this sentence was not marred by error, plain or otherwise. The district court's decision was not an abuse of discretion.

Counsel's second arguable issue is that there was insufficient evidence to support the finding that Turner committed a crime under Tennessee law. A finding that a defendant has violated the conditions of her supervised release must be supported by a preponderance of the evidence. *United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir.1997); 18 U.S.C. § 3583(e)(3). A review of the evidence summarized above, as found to be credible by the district court, is ample support for the finding at issue.

■ Finally, counsel argues that the United States Attorney should have been required to supply Turner, prior to the hearing, with a list of the witnesses to be called. A defendant in a non-capital case, however, is not entitled to know in advance of trial who will testify for the government. *See United States v. McCullah*, 745 F.2d 350, 353 (6th Cir.1984). There are no other errors alleged or apparent. This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.