**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Terrance SMILEY, Defendant–
Appellant.**

**No. 03–4461.**

United States Court of Appeals,
Sixth Circuit.

Aug. 18, 2004.

Timothy D. Oakley, U.S. Attorney's Office, Cincinnati, OH, for Plaintiff–Appellee.

C. Ransom Hudson, Asst. F.P. Defender, Office of the Federal Public Defender, Cincinnati, OH, for Defendant–Appellant.

Before KEITH, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Terrance Smiley appeals a district court judgment that revoked a term of supervised release and sentenced him to a term of twenty-four months of imprisonment. The parties have waived oral argument in this case. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Smiley pleaded guilty to one count of unlawful possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). The district court sentenced Smiley to thirty-seven months of imprisonment, followed by three years of supervised release. The district court ordered Smiley's federal sentence to be served consecutively to an eighteen-month state criminal sentence for aggravated drug trafficking. This court affirmed the district court's sentence on appeal. *United States v. Smiley,* No. 97–3565, 1998 WL 476156 (6th Cir. Aug. 6, 1998).

Upon completion of his term of imprisonment, Smiley began his term of supervised release on June 9, 2000. Smiley was arrested on state drug trafficking charges on August 2, 2002, and was arrested on additional state drug and firearms charges on April 23, 2003. Smiley did not report the latter arrest to his probation officer until April 29, 2003. The government filed a petition to revoke Smiley's supervision based upon the state criminal charges and based upon his failure to report his most recent arrest to his probation officer, and the district court issued a warrant for Smiley's arrest. At the ensuing hearing, Smiley admitted to violating his supervised release by failing to report his most recent arrest to his probation officer, and the district court revoked Smiley's term of supervised release and sentenced him in excess of the guidelines range to the statutory maximum term of twenty-four months imprisonment, with no additional term of supervised release. Within the ten-day appeal period, Smiley mailed a letter to the district court in which he sought the appointment of counsel for purposes of an appeal, and the district court apparently later construed the letter as a notice of appeal and directed that a notice of appeal be filed on Smiley's behalf nunc pro tunc.

On appeal, Smiley contends that the district court abused its discretion in sentencing him above the guidelines range because the record does not reflect the

district court's reasons for doing so. The government responds that the record adequately reflects the district court's reasons for sentencing Smiley above the guidelines range. Upon consideration, we affirm the judgment because the district court did not abuse its discretion in sentencing Smiley above the guidelines range. *See United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998).

Although the policy statements from Chapter 7 of the United States Sentencing Guidelines recommend ranges of imprisonment, *see* USSG § 7B1.4, the policy statements are merely advisory and do not bind the sentencing court. *Washington*, 147 F.3d at 491. In the absence of mandatory guidelines, the district court's sentence must show consideration of any relevant statutory factors and may not be plainly unreasonable. *See Washington*, 147 F.3d at 491; *United States v. Webb*, 30 F.3d 687, 689 (6th Cir.1994). The relevant factors in 18 U.S.C. § 3553 include: (1) the need to deter criminal conduct, to protect the public, and to provide the defendant with appropriate treatment; (2) the nature of the offense; (3) any guideline range for sentencing; (4) guideline policy statements; and (5) avoidance of unwarranted disparities. The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999). All that is required is a general statement of the district court's reasons sufficient to permit an informed appellate review. *Id.*

The district court did not abuse its discretion. At the revocation hearing, the district court offered its tentative sentence and noted that Smiley wholly failed to comply with his supervised release,

seemed unable to stay out of trouble, and represented a danger to society. The court then offered an opportunity for comments or suggestions from counsel, who had none. Under these circumstances, the district court did not abuse its discretion in sentencing Smiley to twenty-four months of imprisonment in this case.

Accordingly, the district court's judgment is affirmed.